UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELIZABETH WESTOVER,

        Plaintiff,

    v.

                                        Case No. 26-cv-191-pp

FRANK J. BISIGNANO,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR DISMISSAL (DKT. NO. 14)

On February 4, 2026, the plaintiff filed an appeal from the denial of her application for Social Security disability benefits. Dkt. No. 1. On April 6, 2026, the defendant filed the administrative transcript. Dkt. No. 8. On June 25, 2026, after receiving two extensions of time to file her opening brief, the plaintiff instead filed a motion for dismissal. Dkt. No. 14. The motion explains that "[a]fter exercising due diligence in researching the issues, counsel concedes that no issues of merit exist, and, with the approval of the plaintiff, moves to dismiss this action forthwith with prejudice." Id. The plaintiff further explains that "[c]ounsel for the Defendant was contacted regarding opposition to this matter on Tuesday, June 23, 2026, but no response was received as of the filing of this motion." Id.

Federal Rule of Civil Procedure 41 governs dismissal of lawsuits; Rule 41(a) addresses voluntary dismissal. Rule 41(a)(1) states:

> (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

(B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. . . .

This provision does not apply to the plaintiff's motion to dismiss. Although the defendant did not file an answer, it did file the administrative record, which can serve as an answer in Social Security appeals. Fed. R. Civ. P. Supp. R. Soc. Sec. 4(b). There is no stipulation for dismissal. The plaintiff may not dismiss her appeal without a court order.

Rule 41(a)(2) states:

(2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The court finds that dismissal is proper. The defendant has not opposed the motion to dismiss, and the court cannot conclude that prejudice would result from the dismissal. The court will grant the plaintiff's motion and dismiss her appeal under Rule 41(a)(2).

The court **GRANTS** the plaintiff's motion to dismiss. Dkt. No. 14.

The court **ORDERS** that this appeal is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 10th day of July, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

2